**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **STEPHEN RAY,** | ) | |
| **MICHAEL DAVID DYER,** | ) | |
| **ROBERT D. KENNEDY,**[1] | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-141 (MTT)** |
| | ) | |
| **GEORGIA DEPARTMENT OF** | ) | |
| **CORRECTIONS,** *et al.,* | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER OF DISMISSAL

Plaintiffs, all state prisoners at Washington State Prison in Davisboro, Georgia, have filed a civil complaint seeking relief under 42 U.S.C. § 1983. ECF 5. Plaintiffs request leave to proceed *in forma pauperis*. ECF 5-1 at 1; ECF 6; ECF 7.

The Prison Litigation Reform Act of 1995 (the "PLRA") requires that a prisoner bringing a civil action be responsible for the Court's filing fee. 28 U.S.C. § 1915(b). The Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee. Instead, each prisoner must file his own lawsuit and pay the full filing fee.

---

[1] Plaintiffs have filed an amended complaint. ECF 5. The amended complaint is now the operative complaint in this civil action. *See Schreane v. Middlebrooks¸* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint); *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that when an amended complaint is filed, the previously filed complaint becomes "a legal nullity"). In the amended complaint, Robert D. Kennedy has been added as an additional Plaintiff. ECF 5 at 1; ECF 5-1. The Clerk of Court is thus **DIRECTED** to add Robert D. Kennedy as a Plaintiff to this civil action.

*Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming district court's dismissal of multi-plaintiff action under the PLRA and conclusion "that each plaintiff had to file a separate complaint and pay a separate filing fee"). As the Eleventh Circuit in *Hubbard* noted, requiring each plaintiff to pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits. *Id.* at 1197-98. As it does not appear Plaintiffs' claims would be barred by the applicable statutes of limitations if they are required to refile their claims, the action is **DISMISSED WITHOUT PREJUDICE** and all pending motions (ECF 6; ECF 7) are **DENIED as moot.**[2] Each Plaintiff may file a <u>separate</u> complaint utilizing the Court's standard form in which he asserts only claims personal to him, if he so chooses. Each Plaintiff should also either pay the filing fee or submit a motion to proceed *in forma pauperis* that includes a certified copy of his inmate account statement for the preceding six months.

 **SO ORDERED**, this 29th day of April, 2026.

        S/ Marc T. Treadwell
        MARC T. TREADWELL, JUDGE
        UNITED STATES DISTRICT COURT

---

[2] The Court notes that Plaintiffs may also be seeking to bring claims as a class action complaint. *See* ECF 5-1 at 1. However, a *pro se* Plaintiff may not represent the interests of other prisoners. *See e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")); *Bass v. Benton*, 408 F.App'x 298, 299 (11th Cir. 2011) (affirming dismissal of former prisoner's *pro se* § 1983 complaint on basis that he "may not represent the plaintiffs in a class action suit"). It is well established that a *pro se* plaintiff "cannot be an adequate class representative." *Gray v. Levine*, 455 F. Supp. 267, 268 (D. Md. 1978) (citing *Oxendine*, 509 F.2d at 1407); *see also Fymbo v. State Farm Fire and Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000) (citing *Oxendine*, 509 F.2d at 1407) ("[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'").