IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| STEPHEN RAY,<br>MICHAEL DAVID DYER,<br>ROBERT D. KENNEDY, | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| VS. | : | **NO. 5:26-cv-141-MTT-CHW** |
| | : | |
| GEORGIA DEPARTMENT OF<br>CORRECTIONS, *et al.*, | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

Plaintiffs, all state prisoners at Washington State Prison in Davisboro, Georgia, filed a *pro se* 42 U.S.C. § 1983 complaint (ECF No. 1) and then an amended complaint (ECF No. 5).   On April 29, 2026, the Court dismissed Plaintiffs' civil action without prejudice.[1] Plaintiffs filed a notice of appeal.   ECF No. 11.   The notice of appeal has been transmitted to the Eleventh Circuit Court of Appeals.   ECF No. 12.   Within the notice of appeal, Plaintiffs also request that the Court "reconsider the dismissal under Federal Procedure Rule 60(b)(1) and Rule 60(a) mistake or clerical error."   ECF No. 11 at 2.   The Court

---

[1] Before dismissing with prejudice, a *pro se* Plaintiff should normally be given a chance to amend his complaint if it appears a more carefully drafted complaint might state a claim. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).   The Court, however, dismissed this action without prejudice and was, therefore, not required to give Plaintiff an opportunity to amend.   *Quinlan v. Pers. Transp. Servs Co., LLC*, 329 F. App'x 246, 249-50 (11th Cir. 2009) (explaining that the Eleventh Circuit has "never . . . stated . . . a district court sua sponte must allow a plaintiff an opportunity to amend where it dismisses a complaint without prejudice").

shall now, out of an abundance of caution, consider Plaintiff's request for reconsideration.

Because Plaintiffs' request for reconsideration (ECF No. 11) was filed within twenty-eight days after the entry of judgment on April 29, 2026 (ECF No. 9) and challenges a decision on the merits, the motion could be characterized as being brought under Federal Rule of Civil Procedure 59(e).

> Whether a party characterizes a post judgment motion as a Rule 59(e) motion or a Rule 60 motion, the chosen labeling is not controlling, and the court must determine under which provision to construe the motion. This Court has explained that, while Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute, Rule 60 applies to motions for reconsideration of matters collateral to the merits. If a motion for reconsideration is filed within 28 days of the entry of judgment and calls into question the validity of the judgment, it should be characterized as a Rule 59(e) motion regardless of how it is styled. Where a motion for reconsideration was not filed within 28 days of the judgment that it seeks to reopen, this Court construes it as falling under Rule 60(b).

*Griffin v. Philips*, No. 24-12502, 2024 WL 1502188, at *1 (11th Cir. May 27, 2025) (per curiam (first citing *Finch v. Cty. of Vernon*, 845 F.2d 256, 258-59 (11th Cir. 1988); then citing *Mahone*, 326 F.3d at 1177 n.1; and then citing Fed. R. Civ. P. 59(e).

"'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.' '[A] Rule 59 motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (first quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999); and then quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Furthermore, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324

(CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (holding same).

Motions for reconsideration under the Local Rules are treated similarly. In this regard, motions for reconsideration are not to "be filed as a matter of routine practice." M.D. Ga. Local R. 7.6. Moreover, reconsideration is only appropriate when "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336 (M.D. Ga. 2013).

Plaintiffs raise no argument or claim within the post-judgment motion on new law or newly discovered evidence. *See* ECF No. 11. Instead, Plaintiffs reiterate that they intended their civil action to be a class action lawsuit and argue that the Court made some error in its application of law in dismissing this civil action. *Id*. It did not. The law is clear that *pro se* prisoners who are not licensed attorneys are barred from representing their fellow prisoners and from bringing class action lawsuits in the federal courts. *See e.g. FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (per curiam) ("The right to appear *pro se* … is limited to parties conducting their own cases, and does not extend to non-attorney parties representing the interests of others." (internal quotation marks omitted)); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (holding that the personal right to proceed *pro se* established under 28 U.S.C. § 1654 "does not extend to

3

the representation of the interests of others."); *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (finding *pro se* litigant cannot bring an action on behalf of fellow inmates); *Bass v. Benton*, 408 F. App'x 298 (11th Cir. 2011) (*per curiam*) (affirming dismissal of *pro se* former prisoner's § 1983 class action because "the general provision permitting parties to proceed *pro se*" does not provide "a personal right that ... extend[s] to the representation of the interests of others"); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action").   Furthermore, the Court made no error when it concluded that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee.  *See Hubbard v. Haley*, 262 F.3d 1194, 1195 (11th Cir. 2001) ("We conclude that the intent of Congress in promulgating the PLRA [Prison Litigation Reform Act] was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee."); *Bowens v. Turner Guilford Knight Det.*, 510 F. App'x 863, 863 (11th Cir. 2013) (affirming under *Hubbard* the district court's dismissal of a prisoner complaint joined by six plaintiffs); *Gandy v. Bryson*, 799 F. App'x 790, 792 (11th Cir. 2020) (*per curiam*) (denying prisoner motion to intervene based on application of *Hubbard* reasoning that PLRA requires each prisoner proceeding *in forma pauperis* to pay the full filing fee).

Because Plaintiffs have not presented any intervening change of law or newly discovered evidence, and because Plaintiffs have failed to demonstrate that the Court made

any clear error of law in its dismissal of this civil action that would warrant reconsideration of judgment under Fed. R. Civ. P. 59(e), Plaintiffs' request for reconsideration (ECF No. 11) is **DENIED**.[2]   However, nothing within this order shall impede Plaintiffs' appeal before the Eleventh Circuit Court of Appeals and the Clerk of Court is **DIRECTED** to process the notice of appeal (ECF No. 11) as it has done in the ordinary course.[3]

      **SO ORDERED and DIRECTED**, this 28th day of May, 2026.

S/ Marc T. Treadwell\
MARC T. TREADWELL, JUDGE\
UNITED STATES DISTRICT COURT

---

[2] If the Court considered Plaintiffs' motion for reconsideration under Fed. R. Civ. P. 60(a) and 60(b)(1) as Plaintiffs requested, judgment would still stand.   Pursuant to Rule 60(a), the court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."   However, "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."   *Id.*   No such clerical error has been made, and no leave from the appellate court has been granted to correct a clerical error. Pursuant to Rule 60(b)(1), a court can provide relief from a judgment or order for "(1) mistake, inadvertence, surprise, or excusable neglect".   Plaintiffs have failed to plausibly demonstrate that any mistake, inadvertence, surprise, or excusable neglect have occurred in this case such that reconsideration should be granted.

[3] "The filing of a notice of appeal generally divests a district court of jurisdiction as to those issues involved in the appeal."   *United States CFTC v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020) (first citing *RES-GA Cobblestone, LLC v. Blake Constr. & Dev., LLC*, 718 F.3d 1308, 1314 (11th Cir. 2013); then citing *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999)).   However, district courts do not lose jurisdiction to address matters "'in furtherance of the appeal'" such as a motion for reconsideration. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (quoting *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)); *see also* Fed. R. App. P. 4(a)(4)(A)(vi) and 4(a)(4)(B)(i).   Consequently, this Court has jurisdiction to consider Plaintiffs' request for reconsideration of judgment.