**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **STEPHEN RAY,** | ) | |
| **MICHAEL DAVID DYER,** | ) | |
| **ROBERT D. KENNEDY,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-141 (MTT)** |
| | ) | |
| **GEORGIA DEPARTMENT OF** | ) | |
| **CORRECTIONS, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER ON PLAINTIFFS' SECOND REQUEST FOR RECONSIDERATION OF**

**JUDGMENT**

Plaintiffs, all state prisoners at Washington State Prison in Davisboro, Georgia, filed a *pro se* 42 U.S.C. § 1983 complaint (ECF 1) and then an amended complaint (ECF 5). On April 29, 2026, the Court dismissed Plaintiffs' civil action without prejudice and advised the Plaintiffs they could each file their own individual complaints raising claims personal to them. ECF 8. Plaintiffs filed a notice of appeal. ECF 11. The notice of appeal has been transmitted to the Eleventh Circuit Court of Appeals. ECF 12. Within the notice of appeal, Plaintiffs also requested that the Court "reconsider the dismissal under Federal Procedure Rule 60(b)(1) and Rule 60(a) mistake or clerical error." ECF 11 at 2. The Court considered Plaintiffs' request for reconsideration under Rule 59 and Rule 60, and it was denied. ECF 14. Now pending before the Court is Plaintiff's second

request for reconsideration of judgment.[1] ECF 15.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

In the second motion for reconsideration, Plaintiff Dyer again contends that he is permitted to bring a *pro se* class action lawsuit on behalf of himself and the other prisoner Plaintiffs. ECF 15. In addition to restating prior arguments, Plaintiffs also contend that the Court showed bias to the defendants and made an error in its application of law in dismissing this civil action. *Id*. It did not. As Plaintiffs were advised previously, the law is clear that *pro se* prisoners who are not licensed attorneys are

---

[1] "The filing of a notice of appeal generally divests a district court of jurisdiction as to those issues involved in the appeal." *United States CFTC v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020) (first citing *RES-GA Cobblestone, LLC v. Blake Constr. & Dev., LLC*, 718 F.3d 1308, 1314 (11th Cir. 2013); then citing *Weaver v. Fla. Power & Light Co*., 172 F.3d 771, 773 (11th Cir. 1999)). However, district courts do not lose jurisdiction to address matters "'in furtherance of the appeal'" such as a motion for reconsideration. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (quoting *Lairsey v. Advance Abrasives Co*., 542 F.2d 928, 930 (5th Cir. 1976)); *see also* Fed. R. App. P. 4(a)(4)(A)(vi) and 4(a)(4)(B)(i). Consequently, this Court has jurisdiction to consider Plaintiffs' request for reconsideration of judgment.

barred from representing their fellow prisoners and from bringing class action lawsuits in the federal courts. *See e.g. FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (per curiam) ("The right to appear *pro se* … is limited to parties conducting their own cases, and does not extend to non-attorney parties representing the interests of others." (internal quotation marks omitted)); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (holding that the personal right to proceed *pro se* established under 28 U.S.C. § 1654 "does not extend to the representation of the interests of others."); *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (finding *pro se* litigant cannot bring an action on behalf of fellow inmates); *Bass v. Benton*, 408 F. App'x 298 (11th Cir. 2011) (*per curiam*) (affirming dismissal of *pro se* former prisoner's § 1983 class action because "the general provision permitting parties to proceed *pro se*" does not provide "a personal right that ... extend[s] to the representation of the interests of others"); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"). Furthermore, the Court made no error when it concluded that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee. *See Hubbard v. Haley*, 262 F.3d 1194, 1195 (11th Cir. 2001) ("We conclude that the intent of Congress in promulgating the PLRA [Prison Litigation Reform Act] was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee."); *Bowens v. Turner Guilford Knight Det.*, 510 F. App'x 863, 863 (11th Cir. 2013) (affirming under *Hubbard* the district court's dismissal of a prisoner complaint joined by six plaintiffs);

-3-

*Gandy v. Bryson*, 799 F. App'x 790, 792 (11th Cir. 2020) (*per curiam*) (denying prisoner motion to intervene based on application of *Hubbard* reasoning that PLRA requires each prisoner proceeding *in forma pauperis* to pay the full filing fee).

Because Plaintiffs have failed to show that the Court made a clear error in its previous Order and Judgment (ECF 8, 9) or in its denial of Plaintiff's first motion for reconsideration (ECF 14), Plaintiffs' second motion for reconsideration (ECF 15) is **DENIED**.

**SO ORDERED**, this 9th day of June, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-4-