**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**STEPHEN RAY,**
**MICHAEL DAVID DYER,**
**ROBERT D. KENNEDY,**

**Plaintiffs,**

**VS.** **NO. 5:26-cv-141-MTT-CHW**

**GEORGIA DEPARTMENT OF CORRECTIONS, *et al*.,**

**Defendants.**

**ORDER**

Before the Court is yet another of *pro se* Plaintiff Michael Dyer's motions for the Court to reconsider its Order dismissing this civil action and to vacate its Judgment. ECF No. 26. Post judgment, the Court has issued orders (ECF Nos. 14, 16, 25) on three other motions for reconsideration (ECF Nos. 11, 15, 23) and denied a motion to amend the complaint (ECF No. 18).

Plaintiff Dyer is, to say the least, a prolific filer, having filed over 25 federal civil cases, habeas petitions, and appeals in the Middle District of Georgia, Northern District of Georgia, Southern District of Georgia, the Eleventh Circuit Court of Appeals. Southern District of Ohio, and the Sixth Circuit Court of Appeals. Plaintiff Dyer has been repeatedly identified as subject to the "three strikes" provision of 28 U.S.C. § 1915(g), which bars a prisoner from bringing *in forma pauperis* civil actions in federal court if he has filed three or more prior prisoner actions that were dismissed as frivolous, malicious, or for failure to

state a claim. *See Dyer, et. al. v. Sheriff of Montgomery County Jail,* No. 3:24-cv-0300-WHR-CHG (S.D. Oh. July 6, 2026) (denying Dyer's request to proceed *in forma pauperis* pursuant to § 1915(g)); *Dyer v. Unnamed Defendant(s),* No. 2:24-cv-0108-SCJ (N.D. Ga. June 21, 2024) (dismissing pursuant to § 1915(g)); *Dyer v. Perdue Pharmaceuticals*, No. 1:20-cv-088 (LAG) (M.D. Ga. Aug. 21, 2020) (same); *Dyer v. Medlin*, No. 3:13-cv-0039-DHB (S.D. Ga. Jan. 15, 2014) (same); *see also, e.g., Dyer v. Warden*, No. 13-12712C (11th Cir. Apr. 25, 2014) (dismissing appeal as frivolous); *Dyer v. Medlin*, No. 3:13-cv-0019-DHB (S.D. Ga. Jun. 3, 2013) (dismissing as malicious for abuse of the judicial process in failing to disclose litigation history); *Dyer v. Rheemic*, No. 2:07-cv-0078-WCO (N.D. Ga. Sept. 11, 2007) (dismissing as frivolous); *Dyer v. Rheemic*, No. 2:07-cv-0061-WCO (N.D. Ga. Sept. 7, 2007) (dismissing for failure to state a claim).

In the Motion currently at bar, Plaintiff Dyer again argues that this civil action was wrongfully dismissed. ECF No. 26. Dyer is the only person to sign the motion and he states that he "separates himself from the other two Plaintiffs and requests a new trial or decision as a matter of law." *Id*. at 1, 3. Yet again, however, Dyer fails to provide any proper grounds which warrant such relief.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, reconsideration of a previous order is an extraordinary remedy and should be employed sparingly. *Region 8 Forest Servs. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993). Reconsideration is justified when (1) there has been an intervening change in the law; (2) new evidence has been discovered that was not previously available to the parties at the

time the original order was entered; or (3) **reconsideration** is necessary to correct a clear error of law or prevent manifest injustice. *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010); *Richards v. United States*, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Although *pro se* filings must be generously construed, any motion for reconsideration cannot "serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (internal quotation and citations omitted). Rather, a motion for reconsideration "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

In his latest Motion (ECF No. 26), Dyer essentially re-asserts the same arguments this Court previously considered in its prior Orders dismissing this civil action and in denying his four other post judgment motions (ECF Nos. 8, 11, 14, 15, 16, 18, 23, 25) and his allegations are merely conclusory statements intertwined with his misinterpretations of the law. In sum, Dyer's motion is without merit and reconsideration of the Court's previous Orders would be unjustified. Accordingly, Plaintiff Dyer's latest motion for reconsideration (ECF No. 26) is **DENIED**.

**SANCTIONS WARNING**

Dyer has abused the judicial process through the repeated filings of post judgment motions, blatantly disregarding this Court's Local Rule providing that "[m]otions for reconsideration shall not be filed as a matter of routine practice" and that, "[p]arties and attorneys for the parties shall not file motions to reconsider the court's denial or grant of a prior motion for reconsideration." M.D. Ga. L.R. 7.6 These motions serve only to unnecessarily prolong litigation in this Court and waste the Court's resources. The Court will not allow Dyer's pattern of abuse of the judicial process to continue. Although the Court must give substantial weight to a prisoner's right of access to the Courts, that right "is neither absolute nor unconditional." *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam); *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008); *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 517 (11th Cir. 1191) (internal quotation marks and citation omitted). While courts may not construct blanket orders that completely shut the courthouse doors to the overly litigious, they may erect reasonable barriers that protect their Article III duties. *Miller*, 541 F.3d at 1096-97. "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons. Frivolous and vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants." *Id.* at 1096. Accordingly, "district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants". *Id.* District courts are afforded considerable discretion in designing and drafting measures for such protection. *Shell v. U.S. Dept. of Housing and Urban Development*, 355 Fed. App'x. 300, 308 (11th Cir. 2009).

Dyer is again reminded that this Court's Local Rules prohibit the filing of motions for reconsideration as a matter of routine practice and motions asking for reconsideration of any order denying reconsideration are prohibited. *See* M.D. Ga. L.R. 7.6. If Dyer continues to seek reconsideration of the Court's orders and continues to file frivolous motions in this closed civil action or if he floods this Court with frivolous new civil actions and/ or motions in a new civil action, the Court will impose appropriate sanctions. These measures may include but are not limited to dismissals for abuse of the judicial process or a monetary penalty or a prohibition against future *pro se* filings pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Cobble v. U.S. Government*, 816 Fed. App'x 355, 360 (11th Cir. 2020); *Cofield v. Alabama Public Service Commission,* 936 F.2d 512, 514-16 (11th Cir. 1991) (upholding a district court sanction barring future civil actions without prior approval of the court for a plaintiff with a history of frivolous and vexatious litigation); *see also e.g.,* ECF No. 15 in *Daker v. Ward*, case # 5:22-cv-340-MTT-CHW (M.D. Ga. Apr. 3, 2023) (sanctioning an abusive filer via a permanent injunction that requires Plaintiff to submit a $1500.00 contempt bond before filing or attempting to file any new lawsuit or petition); ECF No. 5 in *Allen v. Williams*, case # 5:25-cv-213-TES-CHW (sanctioning abusive filer for a period of one year by barring him from any and all future *pro se* actions without obtaining prior judicial approval).

**SO ORDERED**, this 14th day of August, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT